Electronically Filed
12/9/2020 4:11 PM
Steven D. Grierson
CLERK OF THE COURT

**COMP**
BRIAN D. NETTLES, ESQ.
Nevada Bar No. 7462
CHRISTIAN M. MORRIS, ESQ.
Nevada Bar No. 11218
RACHEAL A. ROSS, ESQ.
Nevada Bar No. 14943
NETTLES | MORRIS
1389 Galleria Drive, Suite 200
Henderson, Nevada 89014
Telephone: (702) 434-8282
Facsimile: (702) 434-1488
brian@nettlesmorris.com
christian@nettlesmorris.com
racheal@nettlesmorris.com
*Attorneys for Plaintiff*

CASE NO: A-20-826111-C
Department 20

# DISTRICT COURT
## CLARK COUNTY, NEVADA

| | |
|---|---|
| LISA ASHBY, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>SRMF TOWN SQUARE OWNER, LLC, a Foreign Limited-Liability Company; OSI/FLEMING'S, LLC d/b/a FLEMING'S PRIME STEAKHOUSE & WINE BAR, a Florida Limited Liability Company; DOES 1 through 10; ROE ENTITIES 11 through 20; and ABC LIMITED LIABILITY COMPANIES 21 through 30,<br><br>Defendants. | CASE NO.:<br>DEPT NO.:<br><br><br><br>**COMPLAINT** |

COMES NOW, Plaintiff, LISA ASHBY, by and through her attorneys, Brian D. Nettles, Esq., Christian M. Morris, Esq., and Racheal A. Ross, Esq., of NETTLES | MORRIS, and for her causes of action against the Defendant(s) named herein, complains, alleges, and pleads as follows:

…

…

-1-

Case Number: A-20-826111-C

**GENERAL ALLEGATIONS**

1. Plaintiff, LISA ASHBY ("Plaintiff"), is and was at all relevant times a resident of the State of Idaho.

2. Upon information and belief, Defendant OSI/FLEMING'S, LLC d/b/a FLEMING'S PRIME STEAKHOUSE & WINE BAR (hereinafter "Defendant") is, and at all relevant times was, a Florida Limited Liability Company doing business in Clark County, Nevada.

3. Upon information and belief, Defendant SRMF TOWN SQUARE OWNER, LLC (hereinafter "Defendant Town Square") is, and at all relevant times was, a foreign Limited Liability Company doing business in Clark County, Nevada.

4. Plaintiff is informed, believes and thereon alleges that all of the acts, omissions and conduct described below of each and every corporate Defendant was duly authorized, ordered, and directed by the respective and collective Defendant corporate employers, officers, and management-level employees of said corporate employers. In addition thereto, said corporate employers participated in the aforementioned acts and conduct of their said employees, agents and representatives and each of them; and upon completion of the aforesaid acts and conduct of said corporate employees, agents and representatives, the Defendant corporations, respectively and collectively, ratified, accepted the benefits of, condoned, lauded, acquiesced, approved, and consented to each and every of the said acts and conduct of the aforesaid corporate employees, agents and representatives.

5. The true names and capacities, whether individual, corporate, associate, governmental or otherwise, of defendants Does 1 through 10, Roe Corporations 11 through 20 and ABC Limited Liability Companies 21 through 30 ("Does/Roe/ABC"), inclusive, are unknown to Plaintiff at this time, whom therefore sues said defendants by such fictitious names. When the true names and capacities of said defendants have been ascertained, Plaintiff will amend this Complaint accordingly.

6. Upon information and belief, Doe/Roe/ABC Defendants participated in the design, construction, maintenance, ownership, management, control, operation, care, and/or upkeep of

NETTLES | MORRIS
1389 Galleria Drive Suite 200
Henderson, NV 89014
(702) 434-8282 / (702) 434-1488 (fax)

1 the Subject Premises; Doe/Roe/ABC Defendants include, but are not limited to, owners,
2 operators, occupiers, lessees, managers, manufacturers, developers, producers, general
3 contractors, subcontractors, security companies, maintenance companies, material providers,
4 equipment providers, architects, designers, engineers, governmental authorities, insurers, lenders,
5 investors, and their agents, servants, representatives, employees, partners, joint venturers, related
6 companies, subsidiaries, parents, affiliates, predecessors, partners and/or successors in interest.

7. Upon information and belief, Does/Roe/ABC are responsible, negligently or in some other actionable manner, for the events and happenings hereinafter referred to, and caused injuries and damages proximately thereby to Plaintiff as hereinafter alleged.

8. Upon information and belief, Doe/Roe/ABC Entities were involved in the initiation, approval, support or execution of the wrongful acts upon which this litigation is premised, or of similar actions against Plaintiff of which Plaintiff is presently unaware.

9. Upon information and belief, at all times material herein, Defendant and/or Defendant Town Square owned, occupied, operated, controlled, maintained, serviced, and/or managed the Subject Premises, wherein the incident at issue occurred, for the purpose of carrying on a business for profit in Las Vegas, Nevada.

10. Upon information and belief, Defendant and/or Defendant Town Square owns, occupies, operates, controls, and manages the restaurant located at 6515 South Las Vegas Blvd, Las Vegas, Nevada 89119, doing business as Fleming's Prime Steakhouse & Wine Bar (the "Subject Premises").

11. On or about December 15, 2018, Plaintiff was a guest/patron/invitee at the Premises.

12. On or about December 15, 2018, an unmarked and hidden liquid was present on the floor in the public area of the restaurant (the "Subject Condition").

13. Due to the Subject Condition, which was unmarked, unknown to Plaintiff, and not conspicuous, Plaintiff unexpectedly slipped and fell to the ground causing her severe physical injuries (the "Subject Incident").

14. That, upon information and belief, at all times mentioned herein, Defendant and/or Defendant Town Square owned, maintained, managed, operated, inspected, controlled, installed, constructed and/or was otherwise responsible for the Subject Premises and/or was otherwise responsible for the area where the Subject Condition was located, and/or was otherwise responsible for the Subject Condition causing the Subject Incident leading to Plaintiff's injuries.

15. The Subject Condition, which was unattended and without warning, and/or was a condition of which Defendant and/or Defendant Town Square had actual or constructive notice prior to the Subject Incident. Also, the Subject Condition was a dangerous condition which should have been remedied and/or warned of prior to the Subject Incident.

16. The Condition was an unattended, dangerous condition which Defendant and/or Defendant Town Square should have remedied and/or warned of prior to Plaintiff's injury.

17. Defendant and/or Defendant Town Square did not remedy or warn Plaintiff of the Subject Condition prior to the Subject Incident.

18. These negligent acts were committed by Defendant's and/or Defendant Town Square's employees and/or agents acting in the course and scope of their employment for Defendant under its direction and control, and thus Defendant and/or Defendant Town Square is vicariously liable for these acts pursuant to the doctrine of *respondeat superior*.

19. As a result of the Subject Incident, Plaintiff sustained severe physical injuries.

20. As a direct and proximate result of the negligence of Defendant and/or Defendant Town Square, Plaintiff was required to obtain medical services and treatment and may, in the future, be required to obtain additional medical services and treatment.

21. As a direct and proximate result of the negligence of Defendant and/or Defendant Town Square, Plaintiff has been damaged in an amount in excess of $15,000.00.

22. As a direct and proximate result of the negligence of Defendant and/or Defendant Town Square, Plaintiff has had to retain the services of the law offices of NETTLES | MORRIS to pursue this action and is entitled to recover costs of suit and reasonable attorney's fees incurred therein.

…

NETTLES | MORRIS
1389 Galleria Drive Suite 200
Henderson, NV 89014
(702) 434-8282 / (702) 434-1488 (fax)

## FIRST CAUSE OF ACTION

**(Negligence)**

23. Plaintiff repeats and re-alleges each and every allegation in the paragraphs hereinabove as though fully set forth herein.

24. At all times relevant hereto, Defendant and/or Defendant Town Square was in control of the Subject Premises and had a non-delegable duty to maintain and inspect the Subject Premises for the care, safety, and protection of those persons present on said Premises, including Plaintiff.

25. At all times relevant hereto, Defendant and/or Defendant Town Square owed Plaintiff a non-delegable duty to remedy dangerous conditions and/or warn Plaintiff of the existence of dangerous conditions.

26. At all times herein mentioned, Defendant and/or Defendant Town Square knew or should have known of the Subject Condition because the Subject Condition was in an area where it should have been discovered with regular inspection.

27. Defendant and/or Defendant Town Square breached its duty to Plaintiff by failing to remedy the Subject Condition and by failing to warn Plaintiff of its existence.

28. These negligent acts were committed by Defendant and/or Defendant Town Square's employees and/or agents acting in the course and scope of their employment for Defendant and/or Defendant Town Square under its direction and control, and thus Defendant and/or Defendant Town Square is vicariously liable for these acts pursuant to the doctrine of *respondeat superior*.

29. As a direct and proximate result of the negligence of Defendant and/or Defendant Town Square, Plaintiff suffered physical injury.

30. As a direct and proximate result of the negligence of Defendant and/or Defendant Town Square, Plaintiff was required to obtain medical services and treatment and may, in the future, be required to obtain additional medical services and treatment.

31. As a direct and proximate result of Defendant and/or Defendant Town Square negligence, Plaintiff has been damaged in an amount in excess of $15,000.00, including, but not limited to, bodily injury and severe pain and suffering.

32. As a direct and proximate result of the negligence of Defendant and/or Defendant Town Square, Plaintiff has had to retain the services of the law offices of the NETTLES | MORRIS to pursue this action and is entitled to recover costs of suit and reasonable attorneys' fees incurred therein.

## SECOND CAUSE OF ACTION

### (Negligent Hiring, Training, Retention, and/or Supervision)

33. Plaintiff repeats and re-alleges each and every allegation contained in the paragraphs hereinabove as though fully set forth herein.

34. Defendant and/or Defendant Town Square owed Plaintiff a non-delegable duty to exercise due care in the selection, training, and supervision of its employees/agents responsible for monitoring, cleaning, and maintaining the area where the Subject Incident occurred.

35. Defendant and/or Defendant Town Square breached this non-delegable duty owed to Plaintiff by hiring these employees/agents even though they knew, or should have known of their employees' dangerous and neglectful propensities.

36. These negligent acts were committed by Defendant and/or Defendant Town Square's employees and/or agents acting in the course and scope of their employment for Defendant and/or Defendant Town Square under its direction and control, and thus Defendant and/or Defendant Town Square are vicariously liable for these acts pursuant to the doctrine of *respondeat superior*.

37. As a direct and proximate result of the acts or omissions of Defendant and/or Defendant Town Square, Plaintiff was required to obtain medical services and treatment and may, in the future, be required to obtain additional medical services and treatment.

38. As a direct and proximate result of Defendant and/or Defendant Town Square's negligence, Plaintiff has been damaged in an amount in excess of $15,000.00, including, but not limited to, bodily injury and severe pain and suffering.

39. As a direct and proximate result of the negligence of Defendant and/or Defendant Town Square, Plaintiff has had to retain the services of the law offices of the NETTLES | MORRIS to pursue this action and is entitled to recover costs of suit and reasonable attorneys' fees incurred therein.

**WHEREFORE**, Plaintiff prays for judgment against the Defendants, as follows:

1. General damages in excess of $15,000.00 for Plaintiff;
2. Special damages in excess of $15,000.00 for Plaintiff;
3. For pre-judgment and post-judgment interest thereon at the highest legal rate;
4. Attorneys' fees and costs herein for Plaintiff;
5. For such further and other relief as the Court deems proper for Plaintiff.

Dated this 9th day of December, 2020.

NETTLES | MORRIS

*/s/ Racheal A. Ross, Esq.*
BRIAN D. NETTLES, ESQ.
Nevada Bar No. 7462
CHRISTIAN M. MORRIS, ESQ.
Nevada Bar No. 11218
RACHEAL A. ROSS, ESQ.
Nevada Bar No. 14943
1389 Galleria Drive, Suite 200
Henderson, Nevada 89014
*Attorneys for Plaintiff*